# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| HAN MIN LEE<br>110 Tenafly Road<br>Tenafly, NJ 07670 | CIVIL ACTION |
| Plaintiff, | NO. |
| v. |  |
| 1333 ENTERPRISE, INC.<br>1333 West Cheltenham Avenue, Suite 102<br>Elkins Park, PA 19027 | 19-182 |
| And |  |
| YONG S. CHOI<br>22 Southwood Drive<br>Cherry Hill, NJ 08003 |  |
| Defendants. |  |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Han Min Lee brings the within action against Defendants, 1333 Enterprise, Inc. ("1333 Enterprise") and Yong S. Choi ("Choi"), and alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for violations of the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq, relating to Defendants' impermissible use of trademarks belonging to Plaintiff and Breach of Contract relating to the parties' relationship in a restaurant business located in Montgomery County, Pennsylvania.

### PARTIES

2.     Plaintiff, Han Min Lee, is an individual residing at 110 Tenafly Road, Tenafly, New Jersey 07670.

1

3.     Defendant, 1333 Enterprise, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1333 W. Cheltenham Ave, Suite 102, Elkins Park, Pennsylvania 19027.

4.     Defendant, Choi, is an individual residing at 22 Southwood Drive, Cherry Hill, New Jersey 08003.

## JURISDICTION

5.     This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1338(a), (b).

6.     Subject matter jurisdiction over Plaintiff's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

7.     Venue in this district is proper under 28 U.S.C. § 1391(b).

## BACKGROUND

8.     1333 Enterprise was formed for the purpose of owning and operating a Korean restaurant to be located in a building at 1333 W Cheltenham Ave, Elkins Park, Pennsylvania ("Restaurant").

9.     The building is owned by Defendant Choi and/or his entity More Shopping Center LP.

10.     Plaintiff developed the name "DUBU Authentic Korean Cuisine" and associated logos based on the name of a Korean tofu dish ("Trademarks") for the purpose of using at the Restaurant and other restaurants which he would own in the future.

11.     Plaintiff hired a lawyer to register the Trademarks. The registrations were filed on his behalf on February 8, 2018, with indications of first use on March 29, 2015 and in commerce

on April 29, 2015. (True and correct copies of the Trademarks are attached hereto collectively as Exhibit "A".)

12.    The Restaurant was registered with the state with the fictitious name DUBU Korean Restaurant on February 20, 2015.

13.    Plaintiff believed that he and Defendant Choi were to be partners in the Restaurant at 1333 W. Cheltenham Avenue, and it was agreed upon by Plaintiff and Defendant Choi that Plaintiff would be entitled to 40% of the net profits derived from the operation of the restaurant.

14.    Plaintiff entered into a Management Agreement with 1333 Enterprise to supervise and direct the general operation of the Restaurant.   A true and correct copy of the Restaurant Management Agreement ("RMA") is attached hereto as Exhibit "B".

15.    Pursuant to the RMA, Plaintiff was entitled to compensation as Manager in an amount equal to 30% of the "Net Profits" derived from the Restaurant.

16.    The Restaurant opened on April 29, 2015, serving authentic Korean cuisine.

17.    Beginning in May 2015, Plaintiff was paid a salary of $1,000 per week.

18.    Plaintiff was never compensated for his percentage of profits from the Restaurant, either the 40% pursuant to his partnership agreement with Defendant Choi or the 30% set forth in the RMA.

19.    Further, upon information and belief, the Net Profits of the Restaurant were artificially deflated as a result of Defendants Choi's and/or 1333 Enterprises paying excessive rent (far in excess of fair market value) to Choi's entity, More Shopping Center LP.

20.    Pursuant to the RMA, Plaintiff was entitled to 90 days' notice of termination. (RMA at ¶5). However, on or about September 30, 2018, Plaintiff was terminated without notice and told to stay away from the restaurant.

21.     Plaintiff was neither paid his salary of $1,000 for the 90 day termination period (which is equal to approximately $5,625) nor was he paid any Net Profits for any time throughout the parties' relationship (2015 through December 2018).

22.     Further, although Plaintiff is the owner of the Trademarks, Defendants 1333 Enterprise and Choi continue to use them at and for the Restaurant. Exhibit "C" hereto are images of the Trademarks in use at or for the Restaurant, in particular, on its website, front door, building and other promotional items.

23.     On or about November 30, 2018, demand was made upon Defendants Choi and 1333 Enterprise to cease and desist using the Trademarks and for an accounting of profits earned from the improper and unlawful use of the Trademarks following Plaintiff's termination and revocation of his permission to use them.

24.     Defendants Choi and 1333 Enterprise continue to impermissibly use the Trademarks.

### COUNT I – Lanham Act Violations

25.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

26.     Plaintiff has valid Trademarks as demonstrated by the certificates of registration attached hereto as Exhibit "A".

27.     Defendants are using the marks in commerce in connection with the operation of the Restaurant, including but not limited to using the marks in connection with the Restaurant's website, storefront, and promotional items.

28.     Defendants' use of the contested mark is likely to cause confusion as Defendants are using the identical Trademarks registered by Plaintiff.

29.     Because Defendants continue to use Plaintiff's Trademarks, Plaintiff is prohibited from using the Trademarks himself as he intended because any restaurant business operated by Plaintiff would likely be confused with the Restaurant.

30.     By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1114, with regard to Defendants' knowing and willful use of the Trademarks in commerce without Plaintiff's consent.

WHEREFORE, Plaintiff seeks relief against Defendants Choi and 1333 Enterprises as follows:

A.      Defendants, their agents, servants, employees, officers, successors and assigns, and all persons acting in concert with them, be restrained and enjoined from use of the Trademarks or any colorable variation or imitation thereof;

B.      Defendants disgorge profits and pay to Plaintiff damages in an amount to be determined.

C.      Plaintiff be awarded his costs, attorneys fees and such other and further relief as the Court deems to be just and proper.

## COUNT II – Breach of Restaurant Management Agreement (Plaintiff v. 1333 Enterprises)

31.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

32.     Plaintiff entered into the RMA with Defendant 1333 Enterprises, whereby Plaintiff was to be compensated with 30% of the Net Profits.

33.     Plaintiff never received his share of Net Profits in breach of the RMA.

34.     Defendants Choi and/or 1333 Enterprises additionally paid rent to the building owned by Choi and/or his entity in excess of fair market value, thereby artificially reducing Net Profits.

35.     The RMA additionally required 90 notice of termination.  Plaintiff was terminated without 90 days' notice, and has not been compensated for the 90 day period.

36.     As a result thereof, 1333 Enterprises breached the RMA, causing Plaintiff to suffer damages.

WHEREFORE, Plaintiff seeks an award of compensatory damages against Defendant, 1333 Enterprises, Inc., in an amount in excess of $150,000 plus interest and costs of suit.

**COUNT III – Breach of Partnership Agreement (Plaintiff v. Choi)**

37.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

38.     Plaintiff and Defendant Choi entered into an oral partnership agreement pursuant to which Plaintiff would receive 40% of the net profits earned by the Restaurant.

39.     Plaintiff never received his share of Net Profits for the entire period of the parties' business relationship.

40.     Although Plaintiff was managing the Restaurant, all receipts were deposited into an account solely in the name and under the control of Defendant 1333 Enterprises. All bills were sent to the Restaurant and paid by Plaintiff from his bank account. Defendant 1333 Enterprises reimbursed Plaintiff for all bills he paid.

41.     Defendants Choi and/or 1333 Enterprises additionally paid rent to the building owned by Choi and/or his entity in excess of fair market value, thereby artificially lowering the restaurant's Net Profits.

42.    As a result, Defendant Choi breached his agreement with Plaintiff causing him to suffer damages.

WHEREFORE, Plaintiff seeks an award of compensatory damages against Defendant, Choi in an amount in excess of $150,000, plus interest and costs of suit.

WEIR & PARTNERS LLP

By:_____
Steven E. Angstreich, Esquire (#3739)
Amy R. Brandt, Esquire (#65739)
The Widener Building, Suite 500
1339 Chestnut Street
Philadelphia, PA 19107
(215) 665-8181
(215) 665-8464 Fax
sangstreich@weirpartners.com
abrandt@weirpartners.com

Dated: January 14, 2019

# EXHIBIT "A"

# United States of America

## United States Patent and Trademark Office



**DUBU**
AUTHENTIC KOREAN CUISINE

**Reg. No. 5,574,574**

**Registered Oct. 02, 2018**

**Int. Cl.: 43**

**Service Mark**

**Principal Register**

Lee, Hanmin (UNITED STATES INDIVIDUAL), DBA DUBU Restaurant
1333 W. Cheltenham Ave. Suite 102
Elkins Park, PENNSYLVANIA 19027

CLASS 43: Restaurant and bar services, including restaurant carryout services

FIRST USE 3-29-2015; IN COMMERCE 4-29-2015

The mark consists of the word "DUBU" appearing above the words "AUTHENTIC KOREAN CUISINE" and an image of a millstone.

No claim is made to the exclusive right to use the following apart from the mark as shown: "DUBU" AND "AUTHENTIC KOREAN CUISINE"

The English translation of "DUBU" in the mark is "tofu".

SER. NO. 87-789,564, FILED 02-08-2018

Director of the United States
Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,574,571**

**Registered Oct. 02, 2018**

**Int. Cl.: 43**

**Service Mark**

**Principal Register**

Lee, Hanmin (UNITED STATES INDIVIDUAL), DBA DUBU Restaurant
1333 W. Cheltenham Ave. Suite 102
Elkins Park, PENNSYLVANIA 19027

CLASS 43: Restaurant and bar services, including restaurant carryout services

FIRST USE 3-29-2015; IN COMMERCE 4-29-2015

The mark consists of an image of a millstone appearing above the words "DUBU" and "AUTHENTIC KOREAN CUISINE" in the circle.

No claim is made to the exclusive right to use the following apart from the mark as shown: "DUBU" AND "AUTHENTIC KOREAN CUISINE"

The English translation of "DUBU" in the mark is "tofu".

SER. NO. 87-789,530, FILED 02-08-2018

Director of the United States
Patent and Trademark Office

# EXHIBIT "B"

## RESTAURANT MANAGEMENT AGREEMENT

**MANAGEMENT AGREEMENT**, made as of the _____ day of _____, 2014, by and between **1333 ENTERPRISE, INC.,** a Pennsylvania corporation ("**Owner**") and _Han Min Lee_ _____ ("**Manager**").

### WITNESSETH:

**WHEREAS,** Owner is a corporation organized under the laws of the Commonwealth of Pennsylvania and its primarily purpose is to own and operate a retail food establishment at 1333 Old York Road, Elkins Park, Pennsylvania, tentatively named "Dubu" (the "**Restaurant**"); and

**WHEREAS,** Manager is a _____ duly organized under the laws of _____ primarily for the purpose of managing retail food establishments; and

**WHEREAS,** Manager, through its officers and employees, is knowledgeable, experienced and proficient in all matters relating to the management of retail food establishments; and

**WHEREAS,** the Owner desires to utilize the services of Manager on a full-time basis in connection with the management of its Restaurant and Manager desires to render such services upon the terms and conditions hereinafter set forth.

**NOW, THEREFORE,** in consideration of the covenants and premises contained herein and intending to be legally bound, the parties hereto agree as follows:

1.      **Employment**.  The Owner hereby agrees to utilize the services of Manager and Manager agrees to render services to the Owner pursuant to the terms of this Agreement as hereinafter set forth in connection with the operation of the Restaurant.  Manager is retained by the Owner only for the purposes and to the extent set forth in this Agreement, and its relationship to the Owner during the term of this Agreement shall be that of an independent contractor.  The officers and employees of Manager shall not be considered employees of the Owner for any purpose.

2.      **Manager's Duties**.  Manager shall perform the following duties:  supervise and direct the general operation of the Restaurant; operate the Restaurant efficiently and with proper economy; develop policies with respect to the installation of new features to the extent that the financial obligations and resources of the Owner permit; develop policies with respect to publicity for the purpose of creating the greatest possible net income from the Restaurant; stimulate the general business of the Restaurant; employ such assistants and other appropriate or otherwise required and necessary staff, chefs, employees, agents, clerks and servants at the Restaurant as may be required to maintain a standard and quality of management and operation at a level acceptable to the Owner and in compliance with all laws, rules and ordinances (including without limitation all health and safety codes); keep the Restaurant and all furniture, furnishings and other equipment therein and appurtenant thereto in repair; arrange for necessary

1

replacements, improvements and changes in the Restaurant and in the furniture, furnishings and other equipment therein subject to the Owner's approval; supervise the placing of insurance on the Restaurant and on all furniture, furnishings and equipment therein against all risks usually covered in the case of similar properties and businesses, including, but without limitation, fire, plate glass, workmen's compensation, dramshop liability, general liability, and fidelity insurance and all other usual insurance (which shall also cover any liability of Manager); maintain the Restaurant in order to assure compliance with the requirement and other relevant criteria of all licensing agencies having jurisdiction over the Restaurant and including without limitation, the Pennsylvania Liquor Control Board; place at the disposal of the Owner its decorating, general purchasing, supervising and accounting departments; maintain the Restaurant liquor license in good standing and free of lien and comply with all laws applicable to same and assure no underage drinking of alcohol is permitted or occurs at the Restaurant; and perform all other acts necessary or desirable in the operation of the Restaurant.   Manager shall in no event be responsible for or obligated to file any lawsuit or claim on behalf of Owner in order to recover under or otherwise perfect any claim which Owner may have against a third party.

3.     **Consideration.**

(a)     As consideration for the performance of services by Manager during the term of this Agreement, Manager shall be entitled to its compensation, which shall be paid to, or credited to the account of, Manager, as hereinafter provided.

(i)     Manager shall be entitled to incentive compensation in an amount equal to 30.0% of the "Net Profits" derived from the Restaurant.  The "Net Profits" shall be determined on a quarterly basis by the Restaurant's accountant retained by Owner, and shall computed to account for all receipts, expenditures and depreciation .

(ii)     For purposes hereof, "Net Profits" shall be calculated using the *[cash]* basis of accounting and shall be calculated by subtracting from the gross receipts all expenses and expenditures incurred in operating the Restaurant, including without limitation depreciation of any capitalized costs, as more fully set forth on **Exhibit A** attached hereto and incorporated herein.

4.     **Expenditures by Manager**.  With the Owner's prior written approval, Manager shall have power and authority to make all contracts and disbursements necessary to carry out the duties conferred and imposed upon it by this Agreement, including, but not limited to, the authority to pay for all expenses of management, operation, maintenance and insurance. Manager may, with Owner's prior written consent, in the name and at the expense of the Restaurant, institute any legal or equitable action or proceeding for the collection of charges and/or services or other income of the Restaurant.  The staff requirements listed on **Exhibit B** hereof shall be deemed to be the employees of Manager and not of Owner for all purposes under this Agreement.  Manager agrees to engage the services of a General Manager whose salary and related employee overhead shall be paid for solely by Manager.

5.     **Term**.

2

(a)     The term of this Agreement shall be two (2) years from the opening date of the Restaurant; provided, however, that either party may terminate this Agreement at any time by giving written notice to the other party of its intention to terminate the Agreement no less than ninety (90) days prior to the date of termination; provided, if the Manager shall be the party terminating this Agreement, the Manager shall pay to Owner at the time of giving Owner its notice of termination, the sum of $_____ to compensate the Owner for its cost to replace Manager and likely loss of business, and not as a penalty (the **"Termination Payment"**).  In the event this Agreement is terminated prior to the expiration of the two (2) year initial term, the Net Profits for purposes of determining the Manager's compensation to which Manager is entitled shall be calculated as of the date of termination.

(b)     In addition, the Owner shall have the right to terminate the Manager for cause immediately upon giving written notice to the Manager.  For purposes hereof, "for cause" shall mean (i) Manager's violation or breach of any terms of this Agreement, (ii) Manager's failure to provide the services required of Manager hereunder as determined by the Owner, (iii) or Manager or its personnel engaging in conduct which the Owner determines has injured the business or reputation of the Restaurant or which might so injure its business or reputation or so affects Owner's interest if Manager were to be retained.

6.     **Assignment**.  Except as specifically provided, this Agreement is personal to the the Manager and the Manager may not assign nor delegate any of its rights or obligations hereunder without obtaining the prior written consent of the Owner, which Owner may withhold in its discretion.  Notwithstanding the foregoing, it is understood that Manager shall employ hereunder personnel qualified to render the services required under this Agreement, and the utilization of such personnel shall not be deemed to be an improper assignment by the Manager.

7.     **Indemnification**.  Manager agrees to indemnify Owner from damages for injuries to persons or property resulting from any cause whatsoever in, on, or about the Restaurant, in connection with the operation of the Restaurant and, at its own cost and expense, to defend any action or proceeding against Manager arising therefrom.   Notwithstanding the foregoing, Manager shall not be required to indemnify Owner against damages suffered as a result of gross negligence or willful misconduct on the part of Owner, or to the extent same are otherwise paid pursuant to any insurance policy.

8.     **Confidential Information**.  Manager agrees to keep all proprietary or financial information about the Restaurant and the Owner confidential and not to disclose such information to others during the term of this Agreement or at any time thereafter.  All of the Restaurant's customer lists, recipes, financial reports, records, and all other documents concerning the Restaurant shall belong to, and remain, the exclusive property of the Owner.

9.     **Non-Solicitation**.  During the period that Manager is providing services to the Owner continuing for a period of twenty-four (24) months thereafter, Manager agrees that he shall not, directly or indirectly, solicit, encourage or entice:any employee or independent contractor of the Restaurant to leave the Restaurant.

10.     **Non-Competition**.  Manager agrees that during Manager's affiliation with the Restaurant, and for twenty-four (24) months thereafter, Manager, nor any affiliate or party

3

related to the Manager, shall not, directly or indirectly, own, operate, or have any interest in, any restaurant which serves Korean cuisine within a fifty (50) mile radius of the Restaurant.

11.   **Acknowledgement**.   Manager acknowledges that: (i) as a result of his relationship with the Restaurant and Owner, Manager will possess the experience and capabilities to own, manage, operate, control or participate in the ownership, management, operation or control of, a competitor of the Restaurant; (ii) the provisions in Sections 8, 9 and 10 are reasonable provisions necessary to protect the Owner's business; and (iii) Sections 8, 9 and 10 are not intended to prevent Manager from competing.

12.   **Notices**.   Any notice required or provided for in this Agreement shall be in writing and shall be addressed as indicated below or to such other address as Owner or Manager may specify hereafter in writing.

   A.   **To Owner:**          1333 Enterprise, Inc.
                               Attn: Yong Choi
                               22 Southwood Drive
                               Cherry Hill, NJ  08003

          **To Manager:**

Notices or other communications between the parties to this Agreement may be mailed by United States registered or certified mail, return receipt requested, postage prepaid, and may be deposited in a United States Post Office or a depository regularly maintained by the post office. Such notices may also be delivered by hand or by any other receipted method or means permitted by law, including facsimile.  For purposes of this Agreement, notices shall be deemed to have been "given" or "delivered" upon personal delivery thereof or by facsimile, and forty-eight (48) hours after having been deposited in the United States mails as provided herein.

13.   **Governing Law**.   The validity, effect and performance of this Agreement shall be governed by and interpreted and construed in accordance with the laws of the Commonwealth of Pennsylvania.

14.   **Remedies**.

       (a)   Upon a default under this Agreement, the non-defaulting party shall have all rights and remedies available at law or in equity, including injunctive rights and the right to terminate this Agreement upon ten (10) days written notice.

       (b)   If Manager commits a breach, or threatens to commit a breach, of Sections 8, 9 or 10, the Owner shall have the right and remedy, without posting bond or other security, to a restraining order and/or injunction by any court having equity jurisdiction, it being acknowledged and agreed that any such breach or threatened breach will cause irreparable injury to the Owner and that money damages will not provide an adequate remedy for the Owner.

These rights and remedies shall be in addition to, and not in lieu of, any other rights and remedies available to the Owner at law or in equity.

(c)    If any of the covenants contained in <u>Sections 8, 9</u> or <u>10</u>, or any part thereof, is hereafter construed to be invalid or unenforceable, the same shall not affect the remainder of the covenants, which shall be given full effect, without regard to the invalid portions.

(d)    If any action, suit or other proceeding is brought to obtain a restraining order and/or injunction referred to in <u>Section 14(a)</u> above, or to seek any other relief on the Owner's behalf, and if the Owner prevails in any such action, suit or other proceeding, the Owner shall be entitled to reimbursement from Manager for all expenses (including, without limitation, reasonable attorneys' fees and disbursements) incurred in connection with the prosecution of such action.

15.    **Severability**. The validity or enforceability of any provision of this Agreement or the application thereof to any person or circumstance shall not affect the other provisions hereof and the Agreement shall be construed in all respects and continue to bind the parties hereto as though any invalid or unenforceable provision were omitted.

16.    **General**.

(a)    The masculine pronoun, wherever used herein, shall be deemed to mean and include the feminine and the neuter where appropriate, and vice versa. The singular form, wherever used herein, shall be deemed to mean and include the plural where appropriate, and vice versa.

(b)    The headings of paragraphs and subparagraphs in this Agreement are for the convenience of the parties only; they form no part of this Agreement and shall not affect its interpretation or construction.

(c)    This writing represents the final and entire agreement and understanding of the parties with respect to the subject matter hereof and supersedes all prior or contemporaneous representations, agreements, inducements or conditions, express or implied, oral or written, and may not be altered, amended, modified or rescinded except by an instrument in writing signed by the parties. The waiver by any party hereto of a breach or violation of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach or violation thereof.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be duly executed and sealed as of the day and year first above written.

**OWNER:**

1333 ENTERPRISE, INC.

By: _____

MBR 6027/26 3346972v2

Attest:_____

**MANAGER:**

Print Name: _Han Min     Lee_

6

# EXHIBIT "C"











## AT DUBU

### WE PRIDE OUR AUTHENTIC AND DELICIOUS EXPERIENCE.

The restaurant is designed to portray the traditional warm atmosphere with a touch of modern taste. Our kitchen only uses the best ingredients to fully share the taste of Korean cuisine.

From colorful side dishes to flavorful stews onto mouthwatering Korean barbeque, DUBU is ready to share the experience with our customers. The large venue will accommodate groups of any size, and the food-perfect for all food-lovers. Our door is open, please come and enjoy.







JS 44  (Rev. 06/17)

CFK     19-182

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lee, Han Min

**(b)** County of Residence of First Listed Plaintiff   Bergen
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven E. Angstreich, Esq./Amy R. Brandt, Esq.
Weir & Partners LLP
1339 Chestnut St., Ste. 500, Phila., PA 19107; 215-665-8181

## DEFENDANTS

1333 Enterprise, Inc. & Yong S. Choi

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☒ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1051, et seq.
Brief description of cause:
Trademark infringement and breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*     JUDGE _____   DOCKET NUMBER _____

DATE   01/14/2019

SIGNATURE OF ATTORNEY OF RECORD   *Steven Angstreich*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Han Min Lee                                                        :                    CIVIL ACTION
                                                                          :
                              v.                                     :
1333 Enterprise, Inc. &                                :
Yong S. Choi                                                   :                    NO. 19-182

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (XX)

| 1/14/2019 | *Steven E. Angstreich* | Plaintiff, Han Min Lee |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-665-8181 | 215-665-8464 | sangstreich@weirpartners.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 14 2019

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19-182

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____110 Tenafly Road, Tenafly, NJ 07670_____

Address of Defendant: ___1333 West Cheltenham Avenue, Ste. 102, Elkins Park, PA 19027 / 22 Southwood Drive, Cherry Hill, NJ 08003___

Place of Accident, Incident or Transaction: ___1333 West Cheltenham Avenue, Ste. 102, Elkins Park, PA 19027___

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __01/14/2019__     _____     __3739__
                                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.     *Federal Question Cases:***

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* ___Lanham Act___

**B.     *Diversity Jurisdiction Cases:***

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Steven E. Angstreich___, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __01/14/2019__     _____     __3739__
                                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)