**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HAN MIN LEE, | : |
| Plaintiff | : |
| v. | : |
| 1333 ENTERPRISES, INC. and | : |
| YONG S. CHOI, | : |
| Defendants | : |

Civil Action No. 2:19-cv-00182-CFK

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES TO COMPLAINT AND**
**COUNTERCLAIMS AGAINST HAN MIN LEE**
**AND DEMAND FOR TRIAL BY JURY**

Defendants, 1333 Enterprises, Inc. and Yong S. Choi (collectively, **"1333 Enterprises"**), by and through undersigned counsel, submit this Answer and Affirmative Defenses to the Complaint and Counterclaims against Plaintiff/Counterclaim Defendant Han Min Lee (**"Lee"**). 1333 Enterprises asserts Counterclaims against Lee for trademark infringement under the Lanham Act, unfair competition, misappropriation of trademark, conversion, and breach of contract. In addition, 1333 Enterprises seeks a declaratory judgment that (1) Lee improperly registered 1333 Enterprises' trademark by falsely claiming that he does business as the DuBu Restaurant, which 1333 Enterprises alone owns and operates, and (2) the trademark registration is amended by removing Lee's name.

**NATURE OF THE ACTION**

1.      Admitted in part; denied in part. It is admitted only that Lee claims that: (a) Defendants are infringing the trademarks he improperly registered under his name and (b) for purported breach of the Restaurant Management Agreement (**"Agreement"**) and alleged verbal partnership agreement. It is denied that 1333 Enterprises' use of the DuBu trademark violates the Lanham Trademark Act. To the contrary, 1333 Enterprises owns and operates the DuBu

Restaurant; alone does business as DuBu Restaurant; and paid an outside agency to prepare the DuBu trademark as work for hire.  Lee at no time held any ownership or shares in 1333 Enterprises.

**PARTIES**

2.      Admitted in part; denied in part.   It is admitted only that Lee resides in New Jersey. Defendants lack information sufficient to form a belief concerning the truth of the remaining averments and therefore they are denied.

3-4.    Admitted.

**JURISDICTION**

5-7.    Admitted in part; denied in part.  It is admitted that Plaintiff purports to invoke the Court's subject matter jurisdiction based on the statutes cited in these paragraphs of the Complaint. All other allegations are denied.

**BACKGROUND**

8.      Admitted in part; denied in part.  It is admitted only that: (a) on March 18, 2013, 1333 Enterprises was incorporated under Pennsylvania law and (b) 1333 Enterprises is the owner and operator of the DuBu Restaurant, located at 1333 W. Cheltenham Ave., Elkins Park, Pennsylvania (**"Restaurant"**).  All other allegations are denied.

9.       Admitted in part; denied in part.  It is admitted only that More Shopping Center, L.P. owns the property located at 1333 W. Cheltenham Ave., Elkins Park, Pennsylvania.  All other allegations are denied.

10.     Denied.  It is denied that (a) Lee developed the "'DUBU Authentic Korean Cuisine' and associated logos," as alleged, and (b) Lee informed Yong Choi that Lee planned to use the DuBu name for restaurants Lee intended to open in future.

11.     Admitted in part; denied in part.  It is admitted only that as 1333 Enterprises learned later: (a) Lee purported to register the DuBu Trademark with the United States Patent and

2

Trademark Office (**"USPTO"**), albeit under the false predicate that he does business as the Restaurant; and (b) Lee caused Jisang Kim, Esquire to register the DuBu trademark with the USPTO, based upon the false predicate that Lee was the owner of the DuBu Restaurant. Any suggestion that Lee paid for the registration fees and Attorney Kim's services is denied. To the contrary, Lee received reimbursement from 1333 Enterprises for all such expenditures. The remaining averments refer to the registration which as a writing speaks for itself and therefore all characterizations thereof are denied.

12.     It is admitted that on February 20, 2015, Yong Choi, the president of 1333 Enterprises, properly registered "DUBU Korean Restaurant" as a fictious name with the Pennsylvania Bureau of Corporations and Charitable Organizations. A copy of the registration is attached as **Exhibit 1**.

13.     Denied. Defendants lack information sufficient to form a belief as to Lee's beliefs and the truth of these averments and therefore they are denied. It is specifically denied that Defendants ever agreed that Lee was entitled to 40% of net profits as alleged.

14.     Admitted in part; denied in part. It is admitted only that a copy of a document entitled Restaurant Management Agreement is attached to Lee's Complaint as Exhibit B. It is denied that this is the final version of the signed Restaurant Management Agreement. A copy of the final version of the signed Restaurant Management Agreement, dated March 3, 2015, is attached as **Exhibit 2 ("Agreement")**.[1]  Because the Agreement is a writing which speaks for itself, Lee's characterizations of the Agreement are denied.

15.     Denied. Because the Agreement is a writing which speaks for itself, Lee's characterizations of the Agreement are denied.

---

[1] Lee's version of the Agreement does not include the date of the Agreement.

5776038v1

16.     Admitted.

17.     Admitted in part; denied in part.  It is admitted only that 1333 Enterprises paid a weekly advance of $1,000 to Lee to be reconciled with the Net Profits, if any, to be paid under the Agreement.  All other averments are denied.

18.     Denied.  It is specifically denied that Lee is owed monies under the Agreement. To the contrary, the advances that 1333 Enterprises paid to Lee exceed the 30% of Net Profits to be paid under the Agreement and are due and owing to 1333 Enterprises.

19.     Denied.  It is denied that (a) Net Profits calculated under the Agreement were "artificially deflated"; (b) 1333 Enterprises paid "excessive rent" to More Shopping Center LP; and (c) More Shopping Center LP and 1333 Enterprises are not separate and distinct corporate entities.  To the contrary, (a) Net Profits were calculated in accordance with the terms of the Agreement including, among other things, factoring in depreciation for the Restaurant; (b) 1333 Enterprises paid agreed upon rent to More Shopping Center LP of which Lee was aware; and (c) 1333 Enterprises and More Shopping Center LP are separate and distinct corporations under Pennsylvania law.

20.     Denied.  To the extent this paragraph refers to the Agreement, as a writing, it speaks for itself and all characterizations thereof are denied.  It is denied that Lee was terminated on September 30, 2018 and told to stay away from the Restaurant.  To the contrary, Lee stopped showing up at the Restaurant of his own volition on August 10, 2018.

21.     Admitted in part; denied in part.  It is admitted only that 1333 Enterprises did not pay Lee any further advances after he stopped coming to the Restaurant.  It is denied that Lee is owed any monies under the Agreement.  It is further denied that Lee was entitled to ninety-days' notice after he stopped coming to the Restaurant of his own volition in August 2018.

4

22.     Admitted in part; denied in part.  It is admitted only that: (a) pictures of the Restaurant and from the Restaurant's website are attached to the Complaint as Exhibit C and (b) 1333 Enterprises does business under the DuBu trademarks at the Restaurant.  It is denied that: (a) Lee owns the DuBu trademarks; and (b) 1333 Enterprises does not own or is entitled to do business under the DuBu trademarks.  All remaining averments are denied.

23.     Admitted in part; denied in part.  It is admitted only that Lee's litigation counsel sent a November 30, 2018 letter to 1333 Enterprises.  Because the November 30, 2018 letter is a writing which speaks for itself, all characterizations thereof are denied.  All other averments are denied.

24.     Denied.  It is denied that Defendants are not entitled to do business under the DuBu trademarks.

### COUNT I – Lanham Act Violations

25.     Defendants incorporate by reference all preceding paragraphs as though fully set forth herein.

26.     Denied.

27.     Denied.  Any suggestion that the trademarks are used in interstate commerce is specifically denied.

28.     Denied.

29.     Admitted in part; denied in part.  It is admitted only that Lee is not entitled to use the trademarks.  All remaining averments are denied.

30.     Denied.

**WHEREFORE,** Defendants 1333 Enterprise, Inc., and Yong S. Choi request that the Complaint be dismissed with prejudice; the trademark registrations be amended to remove Lee's

name; and Defendants awarded their counsel fees, costs and interest and such other relief as the Court may deem just and equitable.

## COUNT II – Breach of Restaurant Management Agreement (Plaintiff v. 1333 Enterprises)

31.     Defendants incorporate by reference all preceding paragraphs as though fully set forth herein.

32.     Denied.  This averment refers to the Agreement which as a writing speaks for itself and therefore all characterizations thereof are denied.

33.     Denied.  It is specifically denied that Lee is owed monies under the Agreement.

34.     Denied.  It is specifically denied that 1333 Enterprises terminated Lee.  To the contrary, Lee stopped coming to the Restaurant of his own volition.

35.     Denied.  This averment refers to the Agreement which as a writing speaks for itself and therefore all characterizations thereof are denied.

36.     Denied

   **WHEREFORE,** Defendants 1333 Enterprise, Inc., and Yong S. Choi request that the Complaint be dismissed with prejudice; the trademark registrations be amended to remove Plaintiff's name; and Defendants awarded their counsel fees, costs and interest and such other relief as the Court may deem just and equitable.

## COUNT III – Breach of Partnership Agreement (Plaintiff v. Choi)

37.     Defendants incorporate by reference all preceding paragraphs as though fully set forth herein.

38.      Denied.

39.      Denied.  It is specifically denied that Lee was owed net profits under the Agreement or any other purported verbal agreement.

6

40.     Admitted in part; denied in part.  It is admitted only that 1333 Enterprises collected the Restaurant's revenues and reimbursed Lee for all invoices he paid on the Restaurant's behalf, including the trademark registration fees and Attorney Kim's services.  All other averments are denied.

41-42.  Denied.

**WHEREFORE,** Defendants 1333 Enterprise, Inc., and Yong S. Choi request that the Complaint be dismissed with prejudice; the trademark registrations be amended to remove Plaintiff's name; and Defendants awarded their counsel fees, costs and interest and such other relief as the Court may deem just and equitable.

### FIRST AFFIRMATIVE DEFENSE

 The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Lee lacks standing to allege violations under the Lanham Trademark Act.

### THIRD AFFIRMATIVE DEFENSE

Lee's registration of the DuBu trademarks under Lee's name is invalid and was secured under false pretenses; therefore, the trademark registrations must be amended to remove Lee's name.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for monies owed are barred because Plaintiff was paid in full under the Agreement.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure of consideration.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of acquiescence.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the applicable statute of limitations and / or laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this Answer to assert additional affirmative defenses.

### COUNTERCLAIMS

### COUNT I – Trademark Infringement (1333 Enterprises v. Lee)

43.     1333 Enterprises incorporates by reference all preceding paragraphs as though fully set forth herein.

44.     Because this action arises under the Lanham Trademark Act, 15 U.S.C. §§1051 *et seq.*, this Court has federal question jurisdiction over the subject matter of this action in accordance with 15 U.S.C. §1121(a) and 28 U.S.C. §1338.

45.     Subject matter jurisdiction over 1333 Enterprises' related state and common law claims is proper in accordance with 28 U.S.C. §1338.

5776038v1

46.     Personal jurisdiction and venue is proper as a result of Plaintiff's having availed himself of this Court to sue Defendants.

47.     1333 Enterprises has owned and operated the DuBu Restaurant since 2013.

48.     In 2013, 1333 Enterprises retained an outside advertising agency to develop the DuBu trademarks as work for hire.

49.     On April 29, 2015, 1333 Enterprises opened the Restaurant for business under the DuBu name and brands developed by the outside advertising agency.

50.     1333 Enterprises has built up the Restaurant's good will by funding and operating the Restaurant continuously since it opened in April 2015.

51.     Lee agreed that he would not open a restaurant serving Korean cuisine in competition with the Restaurant.  *See* Agreement ¶10.

52.     Nonetheless, Lee claims in his Complaint that he owns the DuBu trademarks and that he plans to open a restaurant serving Korean cuisine using the DuBu trademarks.

53.     Lee's use of the DuBu trademarks is likely to create confusion concerning the origin of the goods or services.

54.     In February 2018, Lee wrongfully caused the DuBu trademarks to be registered under his name as doing business as the DuBu Restaurant, knowing that: (a) 1333 Enterprises owns, operates and does business as the DuBu Restaurant and (b) 1333 Enterprises paid an outside advertising agency to develop the DuBu trademarks on behalf of 1333 Enterprises.

55.     Lee owed a duty of candor and good faith in dealing with the USPTO, including a duty to disclose to the USPTO all information known to be material to the trademark registration, including that 1333 Enterprises is the owner and operator of the Restaurant and does business as the DuBu Restaurant.

5776038v1

56.    In breach of the duty of good faith and fair dealing, Lee caused the DuBu trademarks to be registered under his name as doing business as the DuBu Restaurant.

57.    Attorney Kim registered the DuBu trademarks under Lee's name based on the false predicate that Lee owned and operated the Restaurant and was its president.

58.    Lee violated the Lanham Trademark Act, 15 U.S.C. §§1051 *et seq.,* by falsely claiming that: (a) Lee developed the trademarks when an outside advertising agency developed it for 1333 Enterprises; (b) Lee owned, operated and does business as the Restaurant when 1333 Enterprises owns, operates and does business as the Restaurant; (c) and Lee was entitled to register the DuBu trademarks, which 1333 Enterprises owns, under his name.

59.    Lee is infringing the DuBu trademarks owned by 1333 Enterprises.

60.    1333 Enterprises has been harmed and has incurred damages due to Lee's infringements of 1333 Enterprises' trademarks.

61.    Unless Lee is enjoined from infringing the DuBu trademarks, 1333 Enterprises believes that Lee will continue to assert that he owns the DuBu trademarks, causing injury to 1333 Enterprises.

62.    By reason of the foregoing, 1333 Enterprises hereby asserts a claim against Lee for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1114, regarding Lee's knowing and willful use of the DuBu trademarks in commerce without 1333 Enterprises' consent.

**WHEREFORE,** 1333 Enterprises requests judgment in its favor and against Lee; that Lee be enjoined from trademark infringement and ordered to pay damages to 1333 Enterprises including pre- and post-judgment interest; the registration of the DuBu trademarks be amended to

5776038v1

remove Lee's name; and Lee ordered to pay all of 1333 Enterprises' attorney's fees, costs, and interest; and such other relief as the Court may deem just and equitable.

### COUNT II – Unfair Competition (1333 Enterprises v. Lee)

63.    1333 Enterprises incorporates by reference all preceding paragraphs as though fully set forth herein.

64.    Lee agreed that he would not open a restaurant serving Korean cuisine in competition with the Restaurant for two years after separation, *i.e.,* until September 2020. *See* Agreement ¶10.

65.    In his Complaint, Lee claims that he plans to open a restaurant serving Korean cuisine using the DuBu trademarks.

66.    Lee plans for his restaurant to pass off the same goods and services as those of the Restaurant, leading to confusion on the part of potential customers and cause confusion, mistake or deception as to the origin, sponsorship or approval of Lee's goods, causing damage to 1333 Enterprises.

67.    1333 Enterprises has been harmed and has incurred damages due to Lee's acts of unfair competition.

**WHEREFORE,** 1333 Enterprises requests judgment in its favor and against Lee; that Lee be ordered to pay damages to 1333 Enterprises including pre- and post-judgment interest; the registration of the DuBu trademarks be amended to remove Lee's name; and Lee ordered to pay all of 1333 Enterprises' attorney's fees, costs, and interest; and such other relief as the Court may deem just and equitable.

### COUNT III – Misappropriation of Trademark (1333 Enterprises v. Lee)

68.    1333 Enterprises incorporates by reference all preceding paragraphs as though fully set forth herein.

5776038v1

69.     1333 Enterprises made a substantial investment in the Restaurant.

70.     1333 Enterprises paid for an advertising agency to develop the DuBu trademarks as work for hire.

71.     Lee misappropriated the DuBu trademarks under false pretenses and at little or no cost, even causing 1333 Enterprises to pay for the fees and attorney services to register the registrations under the false predicate that Lee owned and operated the Restaurant.

72.     1333 Enterprises has been injured and suffered damages due to Lee's acts of misappropriation.

**WHEREFORE,** 1333 Enterprises requests judgment in its favor and against Lee; that Lee be ordered to pay damages to 1333 Enterprises including pre- and post-judgment interest; the registration of the DuBu trademarks be amended to remove Lee's name; and Lee ordered to pay all of 1333 Enterprises' attorney's fees, costs, and interest; and such other relief as the Court may deem just and equitable.

## <u>COUNT IV – Conversion (1333 Eenterprises v. Lee)</u>

73.     1333 Enterprises incorporates by reference all preceding paragraphs as though fully set forth herein.

74.     By registering the DuBu trademarks under his name, Lee deprived 1333 Enterprises of its property without 1333 Enterprises' consent and without legal justification.

**WHEREFORE,** 1333 Enterprises requests judgment in its favor and against Lee; that Lee be ordered to pay damages to 1333 Enterprises including pre- and post-judgment interest; the registration of the DuBu trademarks be amended to remove Lee's name; and Lee ordered to pay all of 1333 Enterprises' attorney's fees, costs, and interest; and such other relief as the Court may deem just and equitable.

## COUNT V – Breach of Contract (1333 Enterprises v. Lee)

75.     1333 Enterprises incorporates by reference all preceding paragraphs as though fully set forth herein.

76.     Under the Agreement, Lee agreed that 1333 Enterprises was the owner and operator of the Restaurant and that 1333 Enterprises exclusively owned all customer lists, recipes, financial reports, records, and all other documents concerning the Restaurant.  *See* Agreement ¶8.

77.     Under the Agreement, Lee agreed that he would not compete either directly or indirectly against the Restaurant in a fifty-mile radius for a period of two years after he was no longer affiliated with the Restaurant.  *See* Agreement ¶10.

78.     Lee owed a duty of loyalty to 1333 Enterprises not to compete against it and not to infringe, misappropriate and/or convert the DuBu trademarks for his own use.

79.     Lee breached the Agreement by registering the DuBu trademarks under his name under false pretenses and knowing that he neither was the owner and operator of the DuBu Restaurant nor did business as DuBu Restaurant.

80.     Lee breached the Agreement by failing to show up at the Restaurant since August 10, 2018.

81.     Lee breached the Agreement by competing against the DuBu Restaurant by planning to open a restaurant in direct competition with the Restaurant using the identical DuBu trademarks belonging to 1333 Enterprises.

82.     Lee was over paid due to receiving weekly advances against the Net Profits to be earned under the Agreement if Lee continued to work at the Restaurant.

83.     Lee's work never resulted in the Restaurant earning sufficient revenue for Lee to earn 30% of the Restaurant's Net Profits during his tenure at the Restaurant.

5776038v1

84.     1333 Enterprises has been harmed and incurred damages due to Lee's breaches of the Agreement and the duty of loyalty.

**WHEREFORE,** 1333 Enterprises requests judgment in its favor and against Lee; that Lee be ordered to pay damages to 1333 Enterprises including pre- and post-judgment interest; the registration of the DuBu trademarks be amended to remove Lee's name; and Lee ordered to pay all of 1333 Enterprises' attorney's fees, costs, and interest; and all other relief as the Court may deem just and equitable.

### COUNT VI – Declaratory Judgment (1333 Enterprises v. Lee)

85.     Defendants incorporate by reference all preceding paragraphs as though fully set forth herein.

86.     This Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202.

87.     There is a justiciable controversy concerning Lee's infringement, misappropriation and/or conversion of the DuBu trademarks to Lee's use, as set forth in 1333 Enterprises' Counterclaims.

88.     As the owner and operator of the Restaurant doing business as the DuBu Restaurant,1333 Enterprises owns all rights to the DuBu trademarks, which 1333 Enterprises alone paid to be developed.

89.     Lee does not own or operate the DuBu Restaurant and does not do business as the DuBu Restaurant.

90.     Lee does not own the rights to the DuBu trademarks.

91.     Lee infringed, misappropriated and / or converted for his own use 1333 Enterprises' DuBu trademarks.

14

**WHEREFORE,** 1333 Enterprises seeks a declaration that: (a) Lee has infringed, misappropriated and/or converted the DuBu trademarks for his own use; (b) Lee is enjoined from using the DuBu trademarks; (c) the registrations of the DuBU trademarks are amended to remove Lee's name from the registrations; and (d) all other relief as the Court may deem just and equitable.

## **DEMAND FOR JURY**

92.     Defendants and Counterclaim Plaintiffs request this matter to be tried before a jury.

KAPLIN STEWART MELOFF REITER & STEIN, PC

/s/ *Pamela M. Tobin*
PAMELA M. TOBIN, ESQUIRE
ATTORNEY ID NO. 54016
910 Harvest Drive
PO Box 3037
Blue Bell PA 19422
610-941-2543 - Telephone
610-684-2041 – Facsimile
ptobin@kaplaw.com
Attorneys for Defendants 1333 Enterprise, Inc.
Yong S. Choi

Dated:  March 11, 2019

5776038v1